IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

CORA FLIPPO, as Power of Attorney for and
on behalf of ROBERT WAYNE FLIPPO                                                    PLAINTIFF

v.                                     Case No. 3:12-CV-03148

CAPITAL SENIORCARE VENTURES, LLC;
COLUMN GUARANTEED, LLC; SLC PROPERTIES,LLC;
SLC PROPERTY HOLDINGS, LLC; SLC PROPERTY
INVESTORS, LLC; EOR-ARK, LLC; VAJ, LLC;
SLC OPERATIONS MASTER TENANT, LLC;
SLC OPERATIONS HOLDINGS, LLC; SENIOR LIVING
COMMUNITIES OF ARKANSAS, LLC; SLC PROFESSIONALS, LLC
f/k/a SLC PROFESSIONALS OF ARKANSAS, LLC;
SLC PROFESSIONALS HOLDINGS, LLC; SENIOR VANTAGE
POINT, LLC; ADDIT, LLC; QUALITY REVIEW, LLC;
JOHN W. DWYER; CAPITAL FUNDING GROUP, INC.;
CAPITAL FUNDING, LLC d/b/a CAPITAL FUNDING GROUP;
CSCV HOLDINGS, LLC; ARKANSAS SNF OPERATIONS
ACQUISITION, LLC; ARKANSAS NURSING HOME
ACQUISITION, LLC; CAPITAL FINANCE, LLC; APPLE RIDGE HEALTH
AND REHABILITATION, LLC; BRISTOL POINTE HEALTH
AND REHABILITATION, LLC; NOREAN BAILEY, in her capacity
as Administrator of Apple Ridge Health and Rehabilitation, LLC;
RALPH JOHNSON, in his capacity as Administrator of Bristol Pointe
Health and Rehabilitation, LLC; ARIETTA WALLACE, in her capacity
as Administrator of Bristol Pointe Health and Rehabilitation, LLC;
and JOHN DOES 1-5                                                                   DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Before the Court are Plaintiff Cora Flippo's motion to remand (Doc. 42) and supporting documents. All named Defendants except Column Guaranteed, LLC joined in a collective response in opposition to the motion to remand (Doc. 47). Defendant Column Guaranteed, LLC filed a separate response to the motion (Doc. 52). Plaintiff filed a reply (Doc. 50) and two supplemental notices of authority (Docs. 88 & 91). Finally, all Defendants except Column Guaranteed, LLC

joined in filing a response to Plaintiff's supplemental notices of authority (Doc. 90).

Plaintiff's complaint (Doc. 4) was originally filed on October 1, 2012, in the Circuit Court of Boone County, Arkansas. It alleged state law causes of action against 32 separate defendants for negligence, medical malpractice, civil conspiracy, and violations of the Protection of Long-Term Care Facility Residents Act, Ark. Code Ann. 20-10-1201.

All named Defendants jointly filed a Notice of Removal (Doc. 1) on November 26, 2012, asserting that a federal question was embedded within Plaintiff's state law claim for civil conspiracy. 28 U.S.C. §§ 1331 & 1441(b). Courts have recognized "that in certain cases federal question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). The number of cases that can properly be removed under this doctrine fit within a "special and small category." *Cent. Iowa Power Co-op v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009) (citation omitted). "The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Grable*, 545 U.S. at 312.

Here, Plaintiff brings what is essentially a personal injury case against a nursing home facility and its affiliated business entities, as well as separate claims against the administrators of the nursing home facility. She clearly pleads state law causes of action in her complaint. The only cause of action that mentions federal agencies or federal law is her claim for civil conspiracy, which alleges that Defendants "engaged in a conspiracy to obtain HUD financing . . . knowing that adequate operating funds would not be provided to meet the needs of residents" and illegally or improperly

sought to "divert Medicare and Medicaid funds intended to be used for patient care and services and, instead, funneled that money into corporate profits." (Doc. 4, p. 43).

In considering Plaintiff's civil conspiracy claim, the Court finds that it merely references federal law but its resolution does not "turn on substantial questions of federal law." *Grable*, 545 U.S. at 312. The leading Supreme Court case that discusses this doctrine offers a helpful illustration of when federal removal would be proper due to an embedded federal question. In *Grable & Sons Metal Products, Inc. v. Darue Engineeering & Manufacturing*, the plaintiff brought a quiet title action pursuant to state law against the purchaser of plaintiff's property. *Id.* at 310. The Supreme Court found, however, that the resolution of the case did not depend on an interpretation of state law at all, but on federal law. Grable's real property had been seized by the Internal Revenue Service ("IRS") to satisfy a federal tax delinquency. The IRS had then sold the property to another party after allegedly giving notice of the tax sale to Grable. The "only legal or factual issue contested" was whether Grable had been given adequate notice by the IRS, as that notice procedure was defined by federal law. *Id.* at 315.

By contrast, in the case at bar, Defendants admit that the legal and factual issues contested in three out of the four claims asserted by Plaintiff arise solely from state law. The only possible way that federal jurisdiction could be claimed is through the claim for civil conspiracy, which mentions "HUD financing" and "Medicare and Medicaid funds." (Doc. 4, p. 43). Plaintiff alleges that Defendants engaged in a conspiracy to acquire federal funds for an improper purpose, rather than the government's intended purpose of using those funds to meet the needs of nursing home residents. It is evident, however, that the claim will depend not on an interpretation of federal law, but on a fact-specific inquiry into Defendants' intent in acquiring and using federal funds in their nursing

home business. Liability will hinge on whether Defendants' failure to use these funds for their intended purpose proximately led to improper nursing home care and Robert Wayne Flippo's injuries.

Plaintiff has brought to the Court's attention certain supplemental authority which reinforces the Court's conclusion that no embedded federal question exists in this case and that remand is proper. (Docs. 88 & 91). The supplemental authority consists of three cases filed in the Eastern District of Arkansas involving the same defendants and nearly identical claims. *See Slater v. Capital SeniorCare Ventures, LLC et al.*, No. 5:12-cv-00447-DPM (E.D. Ark.) (Doc. 46); *Jones v. Capital SeniorCare Ventures, LLC et al.*, No. 4:13-cv-00067-JMM (E.D. Ark.) (Doc. 53); *Watson v. Capital SeniorCare Ventures, LLC et al.*, No. 5:13-cv-00106-BRW (E.D. Ark.) (Doc. 43). All three cases were originally filed in state court and removed to federal court using the same basis for removal as was asserted by Defendants in the instant matter. Ultimately, all three cases were remanded to state court for the same reasons articulated in this opinion.

Accordingly, for the reasons discussed herein, IT IS ORDERED that Plaintiff's motion to remand (Doc. 42) is GRANTED, and this case is remanded to the Circuit Court of Boone County, Arkansas. Defendants' motion to dismiss (Doc. 8) will remain pending in state court.

IT IS SO ORDERED this 12th day of July, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE